CLARE R. BANTHIN ET AL. *v.* SHORELINE PLUMBING
AND HEATING SUPPLY CORPORATION ET AL.

CLARE R. BANTHIN ET AL. *v.* NORMAND L.
POULIN ET AL.
(10914)

DUPONT, C. J., DALY and FOTI, Js.

Argued December 2, 1992—decision released March 16, 1993

*Paul M. Kaplan,* with whom, on the brief, was *Robert A. Ginsberg,* for the appellant (defendant Anita Poulin).

*Neil A. Lippman,* with whom was *Alice Carey,* for the appellees (plaintiffs).

FOTI, J. The defendant Anita Poulin appeals from the judgment rendered, after a court trial, ordering her to reconvey certain property to the defendant Normand Poulin subject only to the encumbrances of record. The defendant alleges that the trial court abused its discretion in not ordering the property reconveyed subject to a $75,000 mortgage. We affirm the judgment of the trial court.

The appeal arises from two related actions filed by the plaintiffs, Clare R. Banthin, Mary Ann Wood and Clifford R. Banthin, who are successor cotrustees of the John F. Banthin trust. The first action, which is not part of this appeal, involved the breach of a commercial lease of property owned by the trust. It was brought against the defendant Shoreline Plumbing and Heating Supply Corporation as lessee, and the defendant Normand Poulin as guarantor of the lease. The second action was an equitable action brought against the defendants Normand and Anita Poulin. The plaintiffs sought to set aside a conveyance from Normand Poulin to Anita Poulin of property known as 33 Old Oyster Dock Landing, unit 33 (boat slip). The plaintiffs alleged that Normand Poulin had transferred the property to prevent its being used to satisfy Normand's obligation in the first action. The two cases were consolidated and tried to the court.

By oral decision from the bench, the trial court rendered judgment in the first action for the plaintiffs and assessed damages for past rent due, unpaid property taxes and costs for repair of the trust property. The court also awarded attorney's fees to the plaintiffs. In the second action, alleging fraudulent conveyance, an ex parte prejudgment remedy had been granted to the plaintiffs in the amount of $80,000 against Normand Poulin's interest in the boat slip. The court found that no fraudulent conveyance had occurred. The court rendered judgment for the plaintiffs, however, finding that

a constructive trust had been established, and ordered Anita Poulin to reconvey the boat slip to Normand Poulin. The court also gratuitously found no fraudulent conveyance proven with respect to the marital home and ordered that title remain with Anita Poulin.[1]

The defendants Normand and Anita Poulin are husband and wife. On appeal, Anita Poulin claims that she "purchased" the boat slip with the proceeds of a $75,000 mortgage loan secured by the marital home at 157 Gulf Street in Milford. It is undisputed that Normand Poulin conveyed his interest in both the home and the boat slip to Anita Poulin on August 19, 1988. Both Normand and Anita Poulin testified at trial that Anita gave no financial consideration for the transfer.

Anita Poulin does not contest the court's finding that a constructive trust resulted from the transfer or the court's order of reconveyance. Her sole claim on appeal is that the trial court abused its discretion by not ordering that the boat slip be reconveyed subject to a $75,000 mortgage obligation that she claims was associated with its "purchase." We do not agree.

"The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. . . . Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." (Citation omitted.) *Cohen* v. *Cohen,* 182 Conn. 193, 202–203, 438 A.2d 55 (1980); *Wing* v. *White,* 14 Conn. App. 642, 644, 542 A.2d 748 (1988).

---

[1] The plaintiffs at no time sought to set aside Normand Poulin's conveyance of the marital home at 157 Gulf Street in Milford as a fraudulent conveyance, and the attachment was placed only on the boat slip. The judgment file is obviously in error as to any orders dealing with title to the marital home.

"In an equitable proceeding, the trial court may examine all relevant factors 'to ensure that complete justice is done.' *Reynolds* v. *Ramos,* 188 Conn. 316, 320, 449 A.2d 182 (1982). 'The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court.' *Kakalik* v. *Bernardo,* 184 Conn. 386, 395, 439 A.2d 1016 (1981)." *Harbour Landing Development Corporation* v. *Herman,* 27 Conn. App. 98, 101–102, 603 A.2d 779 (1992). Our review is quite limited, and is usually confined to a determination of whether the trial court's decision to award the particular equitable relief was reasonable. *Reynolds* v. *Ramos,* supra, 321. Our review is even more limited in a case such as this, where the imposition of a constructive trust is not contested. Here, our review is restricted to whether the court abused its discretion in establishing the terms of the constructive trust by not recognizing the $75,000 mortgage secured by the marital home as an obligation to be paid by Normand Poulin to Anita Poulin, as a condition of reconveyance. "When we review the exercise of discretion by the trial court, every reasonable presumption will be given in favor of the correctness of its ruling." Id., 320–21. On appellate review, the ultimate issue is whether, according to recognized principles of equity, abuse of discretion is manifest or an injustice appears to have been done. *Thomas* v. *Thomas,* 159 Conn. 477, 480, 271 A.2d 62 (1970).

The parties stipulated to certain facts. The trial court made no subsidiary findings of fact when it found a constructive trust existed and ordered the boat slip conveyed back to Normand Poulin. The defendants failed to seek an articulation of the trial court's findings with respect to the terms of the trust pursuant to Practice Book § 4051; nor did they seek an order compelling the trial court to file a memorandum pursuant to Practice Book § 4183 (1). Anita Poulin contends that the trial

court abused its discretion by not ordering the conveyance subject to the mortgage. It is her burden as appellant, however, to provide an adequate record for review. Practice Book § 4061; *Walton* v. *New Hartford,* 223 Conn. 155, 164–65, 612 A.2d 1153 (1992). Here, Anita Poulin asks us to review her claim on the basis of an unsigned transcript to determine whether the court's action constituted an abuse of discretion.

She argues that once the court found that she held the boat slip in trust for her husband, the court was bound to find that the terms of the trust subjected the property to a $75,000 mortgage. The record does not support her claim that the court made any specific "findings" relative to the terms of the trust. Anita Poulin points to the court's statement that "the dock was only held in trust for [Normand Poulin] by his wife until he had monies . . . to reconvey it back to him." The court, here, was merely reiterating the words of both Normand and Anita Poulin in finding specifically that a constructive trust had been created.

The record is clear that the trial court understood the ramifications of its order and took into account all of the facts and circumstances before concluding that the reconveyance would be free of the $75,000 obligation on the Gulf Street property. Normand Poulin was permitted to address the court as follows: "In transferring the property back to me on the boat slip, Your Honor, my wife has a $75,000 note on the house on Gulf Street, so if the property gets transferred back to me and the boat slip gets foreclosed and the money goes to the [plaintiffs], Anita is being charged with an additional $75,000 on the house." The court responded: "I can't do anything about it. . . . There was no doubt in my mind that I tipped in favor of the plaintiffs regarding the boat dock."

Normand Poulin purchased the boat slip in March, 1987, for $85,000.[2] He transferred that property as well as the marital home to Anita Poulin in August, 1988, for no financial consideration. At some point, Anita Poulin obtained a $75,000 mortgage secured by the marital home and for which she is liable. Anita Poulin testified that Normand transferred the home to her because she needed collateral to obtain credit cards, a car and other items in her own name. Since the mortgage note was not entered into evidence, however, the record is insufficient to show whether the $75,000 mortgage was, in fact, used to "purchase" the boat slip, nor does it show whether the mortgage was obtained before the house was conveyed to Anita. The mortgage apparently was not recorded.

On the basis of the available record, we must conclude that the trial court found that the Poulins had failed to establish that the trust required the reconveyance of the property subject to the mortgage. Without an articulation of the court's ruling, we cannot say that the trial court abused its discretion by balancing the equities in favor of the plaintiffs and leaving Anita Poulin with her debt obligation.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] It is unclear whether there still exists a $40,000 first mortgage on the boat slip, held by People's Bank.