CENTERBANK *v.* ROBERT G. GROSS ET AL.
(11632)

LAVERY, LANDAU and SCHALLER, Js.

Argued February 17—decision released April 13, 1993

*David S. Grossman,* for the appellants (named defendant et al.).

*Thomas A. Kaelin,* for the appellee (plaintiff).

PER CURIAM. This is an appeal from a supplemental judgment rendered after a deficiency hearing. The defendants, Robert G. Gross, Carol A. Dellebovi and Donald L. St. John, Sr., assert that the trial court's factual finding regarding the fair market value of the subject property was incorrect. We affirm the judgment of the trial court.

"When the factual basis of the trial court's decision is challenged on appeal, the role of this court is to determine whether the facts set out in the . . . decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, the facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Cupina* v. *Bernklau,* 17 Conn. App. 159, 161, 551 A.2d 37 (1988). Furthermore, "[t]he appellant bears the burden of providing us with a record adequate to review a claimed error. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court." (Citations omitted; internal quotation marks omitted.) *State* v. *Hoeplinger,* 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992); Practice Book § 4061.

The defendants' challenge to the trial court's factual finding is conspicuous for its reliance solely on the transcript of the trial court's oral ruling from the bench.[1] The defendants failed to file any of the exhibits, including the appraisals or the transcript of the testimony of the witnesses. A careful reading of the unsigned transcript reveals that even the defendants' attorney is not certain of the factual basis of the trial court's decision. In the absence of the basis of the essential factual conclusions furnished by the trial court, either

[1] The defendants have filed an unsigned transcript of the trial court's decision.

on its own or in response to a motion for articulation, any decision made by us with respect to this claim would be entirely speculative. See *State* v. *Hoeplinger,* supra. Therefore, because the defendants have not fulfilled their duty to provide an adequate record for review, their claim must fail. *Oakes* v. *New England Dairies, Inc.,* 219 Conn. 1, 16, 591 A.2d 1261 (1991).

The judgment is affirmed.