BANK OF AMERICA, FSB *v.* SALVATRICE FRANCO
(AC 19508)

Foti, Landau and Mihalakos, Js.

---

Argued January 19—officially released May 16, 2000

*Charles D. Houlihan, Jr.*, for the appellant (defendant).

*Thomas J. Farrell*, for the appellee (substitute plaintiff).

*Opinion*

MIHALAKOS, J. The defendant, Salvatrice Franco, appeals from the trial court's judgment of strict foreclosure. On appeal, the defendant claims that the court improperly (1) granted summary judgment as to liability when there was insufficient evidence that the substitute plaintiff was the owner of the debt obligation and (2) rendered a judgment of strict foreclosure without competent evidence of debt. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The Bank of America, FSB (first plaintiff), commenced a foreclosure action against the owner of the premises, the defendant, on May 6, 1997. Twenty-three months after the commencement of the action, a judgment of strict foreclosure was rendered.

An amended complaint filed on July 1, 1997, alleged that the defendant gave a mortgage to Arbor National Mortgage, Inc., on February 10, 1992. It was alleged that this mortgage was assigned to the first plaintiff by an instrument that was to be recorded on the Berlin land records. On September 15, 1997, the first plaintiff filed a second amended complaint, which alleged that the mortgage was assigned from Arbor National Mortgage, Inc., to Citibank, N.A., which assigned it to Security Pacific National Trust Company as trustee. The complaint further alleged that BankAmerica National Trust Company, Trustee (substitute plaintiff), was the successor in interest to Security Pacific National Trust Company. A motion then was filed to substitute BankAmerica National Trust Company, Trustee, as plaintiff.

An answer was filed by the defendant, in which she admitted the allegation contained in the first amended complaint that the note and mortgage were owned by the first plaintiff. The substitute plaintiff then filed a motion for summary judgment as to liability only. The defendant filed an objection, claiming that ownership of the mortgage and note were in dispute. The court granted summary judgment as to liability only.

The substitute plaintiff then reclaimed its motion for judgment of foreclosure and on May 15, 1997, filed with its motion an affidavit of debt executed by Susan L. Hobbs, an assistant vice president of the first plaintiff, which is the servicing agent of the substitute plaintiff.

On April 5, 1999, the court, after a hearing, rendered judgment of strict foreclosure, set law days and found the debt to be $277,383.93 and the fair market value of the property to be $280,000. This appeal followed.

I

The defendant's first claim is that the court improperly granted summary judgment as to liability because there was insufficient evidence for a finding that the substitute plaintiff was the owner of the mortgage. We disagree.[1]

The second amended complaint alleged that the substitute plaintiff was the successor in interest to Security Pacific National Trust Company. The defendant filed an answer in which she admitted that the note and mortgage were owned by the first plaintiff. The substitute plaintiff continued to prosecute the action, despite the fact that the court records do not indicate that the motion to substitute BankAmerica National Trust Company, Trustee, as the plaintiff was ever granted. Notwithstanding the defendant's admission as to the first plaintiff, she failed to deny specifically that the substitute plaintiff was the holder of the note and mortgage. This essentially acts as an admission in the plead-

---

[1] The trial court did not prepare a written memorandum of decision and did not sign the transcript of its oral decision, as required by Practice Book § 64-1. "The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review. See id., 608–609. We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings. See *Connecticut National Bank* v. *Browder*, 30 Conn. App. 776, 778–79, 622 A.2d 588 (1993); *Banthin* v. *Shoreline Plumbing & Heating Supply Corp.*, 30 Conn. App. 637, 640–41, 621 A.2d 769 (1993); cf. *Centerbank* v. *Gross*, 31 Conn. App. 38, 39, 622 A.2d 1066 (1993) (no review because unsigned transcript did not reveal basis of trial court's factual conclusion). In this case, the defendant has filed the transcript and, although we do not encourage this practice, we will review her claim.

ings that the substitute plaintiff is the correct party to this action as the holder of the note and mortgage. An admission in the pleadings is conclusive on the pleader, even if the plaintiff later disputes the allegation. *Rodearmel* v. *Rodearmel*, 173 Conn. 273, 275, 377 A.2d 260 (1977); see also *Guiel* v. *Barnes*, 100 Conn. 737, 747, 125 A. 91 (1924). The defendant's failure to deny that the substitute plaintiff was the holder of the mortgage constituted an admission pursuant to Practice Book § 10-46.[2] See *Worden* v. *Francis*, 153 Conn. 578, 584, 219 A.2d 442 (1996) (defendant's failure to deny allegation in amended complaint constitutes admission). Practice Book § 10-46 provides that denial of delivery of an instrument must be specially pleaded.

Additionally, the substitute plaintiff filed two demands for disclosure of a defense and two motions for default for failure to disclose a defense. The defendant failed to respond to those motions. The court granted the motions for default. Because the defendant was defaulted for failure to disclose a defense, the defendant's liability on the mortgage conclusively was determined. *Bank of Boston Connecticut* v. *Moniz*, 47 Conn. App. 234, 237, 702 A.2d 655 (1997), appeal dismissed, 247 Conn. 394, 720 A.2d 1111 (1998); *Suffield Bank* v. *Berman*, 25 Conn. App. 369, 373, 594 A.2d 493, cert. dismissed, 220 Conn. 913, 597 A.2d 339, cert. denied, 220 Conn. 914, 597 A.2d 340 (1991). "[F]or foreclosure cases to move as swiftly as possible through our court system, it is imperative that a defendant dis-

___

[2] Practice Book § 10-46 provides: "The defendant in the answer shall specially deny such allegations of the complaint as the defendant who intends to controvert, admitting the truth of the other allegations, unless the defendant intends in good faith to controvert all the allegations, in which case he or she may deny them generally. Any defendant who intends to controvert the right of the plaintiff to sue as executor, or as trustee, or in any other representative capacity, or as a corporation, or to controvert the execution or delivery of any written instrument or recognizance sued upon, shall deny the same in the answer specifically."

close any defenses to the mortgage debt prior to the hearing. *Suffield Bank* v. *Berman*, [supra, 373]. A default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant. *Ratner* v. *Willametz*, 9 Conn. App. 565, 579, 520 A.2d 621 (1987). . . . *Skyler Ltd. Partnership* v. *S.P. Douthett & Co.*, 18 Conn. App. 245, 253, 557 A.2d 927 [cert. denied, 212 Conn. 802, 560 A.2d 984] (1989). . . . *Voluntown* v. *Rytman*, 27 Conn. App. 549, 557, 607 A.2d 896, cert. denied, 223 Conn. 913, 614 A.2d 831 (1992)." (Internal quotation marks omitted.) *Bank of Boston Connecticut* v. *Moniz*, supra, 237.

The record and pleadings do not reflect any attempt by the defendant to dispute the substitute plaintiff's claim to holder status, except that they contain a general, nonspecific objection to the motion for summary judgment. The defendant's failure to follow the rules of practice[3] by not filing a countervailing affidavit or requesting discovery when the substitute plaintiff claimed holder status and moved for summary judgment is fatal to this appeal. The defendant also failed to utilize the procedures available to her at trial and waited until this appeal to mount a defense. The defendant cannot ignore the rules of practice and raise the defenses on appeal. *Connecticut National Bank* v. *N.E. Owen II, Inc.*, 22 Conn. App. 468, 473, 578 A.2d 655 (1990). We have held that in foreclosure cases "it is imperative that a defendant disclose any defenses to the mortgage debt prior to the hearing." (Internal quotation marks omitted.) *Bank of Boston Connecticut* v. *Moniz*, supra, 47 Conn. App. 237. The defendant's failure to raise these defenses properly at trial precludes her from raising them on appeal.

[3] The issue may be joined by filing (1) a denial of the complaint, (2) a special defense or (3) a countervailing affidavit.

## II

The defendant's second claim is that the court improperly rendered a judgment of strict foreclosure without competent evidence of debt. We disagree.

The defendant, in her brief, argues that the affidavit of debt did not identify the affiant's relationship with the substitute plaintiff or identify the mortgage company as to which the affiant claimed knowledge, nor did it establish the affiant's relationship to any party. Our standard of review of such claims is the clearly erroneous standard and not plenary review because the defendant's challenge goes to the adequacy of the factual record. The judgment, thus, cannot be disturbed unless it can be established that the court's factual finding was clearly erroneous. See *SKW Real Estate Ltd. Partnership* v. *Gallicchio*, 49 Conn. App. 563, 569, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998).

Once the court determined the defendant's liability, the only issue to be determined at the judgment hearing was the amount of the debt and the terms of the judgment. Where a defendant fails to raise a defense as to the amount of the debt, the plaintiff may prove the debt by way of an affidavit pursuant to Practice Book § 23-18.[4] *Connecticut National Bank* v. *N.E. Owen II, Inc.,* supra, 22 Conn. App. 472.

The court ruled that the failure to raise any timely defenses was a bar to the defendant's claim for an evidentiary hearing as to the amount of the debt. The court properly concluded that the affidavit constituted

---

[4] Practice Book § 23-18 (a) provides: "In any action to foreclose a mortgage where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto."

a sufficient basis to support its finding as to the amount of the debt. The affidavit asserted that the affiant was employed by the servicing agent for the substitute plaintiff, a relationship strong enough to establish a foundation for the affiant's claims that she was familiar with the books and records regarding the defendant's indebtedness. The affidavit also contained a breakdown of the items in the total debt and information demonstrating that no payments were made. We conclude that the court properly determined the amount of the debt.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.