PATRICK STANLEY *v.* BRENDA STANLEY
(AC 19986)

Landau, Schaller and Hennessy, Js.

Submitted on briefs March 22—officially released June 20, 2000

*John Demetre* filed a brief for the appellant (plaintiff).

*Opinion*

LANDAU, J. The plaintiff, Patrick Stanley, appeals from the judgment of the trial court modifying the award of child support. The sole question on appeal is whether the trial court improperly failed to calculate the support order to determine the presumptive support amount pursuant to General Statutes § 46b-215a. We affirm the judgment of the trial court.

On July 19, 1999, the court granted the plaintiff's motion to modify the amount of child support that he was required to pay to the defendant and ordered a temporary modification. In response to the plaintiff's motion for reconsideration, the court, on August 18, 1999, ordered a further modification. The record contains neither a written memorandum of decision nor a transcribed copy of an oral decision signed by the court, regarding the plaintiff's motion for reconsideration. See

Practice Book § 64-1. "The duty to provide this court with a record adequate for review rests with the appellant. See Practice Book § 4007 [now § 61-10] . . . ." (Citations omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review. See id., 609; *Emigrant Savings Bank* v. *Erickson*, 46 Conn. App. 51, 53–54, 696 A.2d 1057, cert. denied, 243 Conn. 921, 701 A.2d 341 (1997). We have, on occasion, reviewed claims of impropriety in the absence of a written memorandum of decision or a signed transcript of an oral decision as long as the transcript contains a sufficiently detailed and concise statement of the court's findings. See *Mikolinski* v. *Commissioner of Motor Vehicles*, 55 Conn. App. 691, 699, 740 A.2d 885 (1999), cert. denied, 252 Conn. 922, 747 A.2d 518 (2000); *Connecticut National Bank* v. *Browder*, 30 Conn. App. 776, 778–79, 622 A.2d 588 (1993); *Banthin* v. *Shoreline Plumbing & Heating Supply Corp.*, 30 Conn. App. 637, 640, 621 A.2d 769 (1993); cf. *Centerbank* v. *Gross*, 31 Conn. App. 38, 39–40, 622 A.2d 1066 (1993) (no review because unsigned transcript did not reveal basis of court's factual conclusions).

Here, the unsigned transcript fails to provide this court with the necessary foundation to determine the propriety of the court's conclusions without resorting to conjecture and speculation. *Alix* v. *Leech*, 45 Conn. App. 1, 5, 692 A.2d 1309 (1997).

The judgment is affirmed.

In this opinion the other judges concurred.