KEVIN STROBEL *v.* ROSE LI-HWA STROBEL
(AC 20269)
(AC 20276)

Landau, Flynn and Daly, Js.

Argued April 3—officially released July 31, 2001

*Rose Li-Hwa Strobel,* pro se, the appellant (defendant).

*Sandra P. Lax,* with whom, on the brief, was *Daniel J. Roberts,* student intern, for the appellee (plaintiff).

*Opinion*

LANDAU, J. These consolidated appeals are two more links in a seemingly endless chain of litigation between the parties that destructively centers on their only child.[1] The defendant's appeals concern numerous postdissolution judgments rendered by the trial court with respect to various motions filed by the parties and the attorney for the minor child.[2] In her main and supplemental briefs, the defendant raises seventeen

[1] See *Strobel* v. *Strobel,* 60 Conn. App. 908, 761 A.2d 803 (2000), cert. denied, 255 Conn. 929, 767 A.2d 103 (2001). At the time of the appeals at issue here, there were more than 230 entries in the trial court's file, and there is yet another appeal pending, *Strobel* v. *Strobel,* AC 21567. Between the time of the dissolution and the events that are the subject of these appeals, the parties filed dozens of motions and objections, which are not at issue here. At times, they have represented themselves and, at other times, they have retained the services of counsel.

[2] The judgments were rendered following the trial court's granting of the plaintiff's motions for order dated August 10, 1999, to accept the family relations report, to terminate child support and requesting child support; the court's denial of the defendant's motions to disqualify dated November 10, 1999, for contempt dated January 5, 2000, to discard the family relations report, for order dated January 14, 2000, and for contempt dated February 3, 2000; and the court's granting of the child's attorney's motion for fees.

claims of error with respect to the judgments. We dismiss appeal AC 20276 and affirm the judgments in appeal AC 20269.

We glean the following facts from the record and the transcripts of the various hearings on the motions at issue.[3] The parties were married in September, 1989, and their only child, a son, was born in March, 1990. The trial court rendered a judgment of dissolution in July, 1997. The judgment, in part, granted the parties joint custody of their son. The defendant mother was given primary physical custody of the child, but the visitation schedule permitted him to see the plaintiff father about 50 percent of the time. The judgment also provided that if the parties were not able to reach mutual custody decisions, the defendant's decision was controlling.

Prior to the dissolution, the child resided with the plaintiff and attended the Fairfield public schools. Following the dissolution, the child lived with the defendant in Stamford and went to a public school in that city. Apparently, the child experienced transitional difficulties when he changed schools. On August 10, 1999, after the plaintiff learned that the defendant was planning to move to a two bedroom home in Wilton and to enroll the child in the school system there, he filed a motion requesting that the court order the child to attend school in Fairfield during the 1999-2000 school year. The defendant objected to the motion. The motion was not presented to the court until the eve of the defendant's move to Wilton.[4] Following a hearing on

___

[3] We have reviewed thoroughly the transcripts of each of the hearings in question.

[4] On the basis of our review of the transcripts provided, we understand that the first effort to have the motion heard was in late October, 1999, and that there were procedural and communication problems that occurred before the court was able to give both parties a full hearing on November 15, 1999.

November 15, 1999, the court, *Brennan, J.*,[5] modified the judgment of dissolution, ordering that the child be enrolled in the Fairfield school system for the remainder of the school year and awarding physical custody of the child to the plaintiff.

On November 10, 1999, the defendant filed a motion to disqualify the child's counsel, claiming that he was adversarial toward her and sided with the plaintiff. The court denied the motion. By motion dated January 5, 2000, the defendant sought to have the court find the plaintiff in contempt for allegedly not caring for the child properly and for interfering with the mother-son relationship. The court denied the motion. The court also denied the defendant's January 14, 2000 motion to discard the family relations report and granted the plaintiff's motion to accept the report "within the confines of changes recited on the record." The court also denied the defendant's January 14, 2000 motion seeking a judicial reprimand of two family relations counselors, as well as the defendant's February 3, 2000 motion for contempt in which she claimed that the plaintiff had violated the visitation schedule. The court granted the plaintiff's January 6, 2000 motions regarding child support, terminating the plaintiff's child support obligation and imposing a support obligation on the defendant. The defendant filed two appeals related to the court's rulings, which were consolidated.[6]

We are mindful that the defendant primarily has represented herself in the trial court and here. "[I]t is the

[5] Judge Brennan retained jurisdiction over the case and decided all of the remaining motions at issue in these appeals.

[6] The defendant first appealed from the court's judgment concerning the child's school and physical custody, which was assigned docket number AC 20269. She next appealed from the court's denial of her motion to disqualify the child's counsel, which was assigned docket number AC 20276. The defendant subsequently appealed from the judgments rendered following the court's rulings on motions filed by the parties, which appeal was designated an amendment to AC 20269. See footnote 2.

established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party." *Rosato* v. *Rosato*, 53 Conn. App. 387, 390, 731 A.2d 323 (1999). "Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Zanoni* v. *Hudon*, 42 Conn. App. 70, 77, 678 A.2d 12 (1996).

As noted, the defendant has identified seventeen issues on appeal.[7] "Legal contentions, like the currency,

---

[7] In her briefs, the defendant identified the issues as whether the court improperly (1) ordered the child to attend school in Fairfield and granted the plaintiff primary physical custody of the child without reasonable notice and a proper opportunity to be heard, (2) denied the motion to disqualify the child's attorney when the record demonstrates that the child's attorney consistently misled the defendant and the court, (3) modified the July 22, 1997 judgment concerning custody without a substantial change in circumstances, (4) changed the primary physical custody of the minor child and ordered the child to attend school in Fairfield when it did not have sufficient evidence to make a finding as to how the existing custody arrangement would affect the minor child, (5) changed the primary physical custody of the minor child where the motion for order acted on did not seek to change primary physical custody, (6) found that the defendant had to come to court for permission to change residence, when the final judgment ordered by the court clearly stated that "[n]either parent shall move the child out of the state of Connecticut without further order of the court" and that "[n]either parent shall move the child from their current residence to a geographical area that is greater distance than to the other parent's current address until further order of the court," (7) changed primary physical custody of the minor child and ordered the child to go to school in Fairfield based on the defendant's alleged failure to follow the court's direction to continue for at least twelve months in parenting skill consultations, (8) found that it was unreasonable for the defendant to select the psychologist for the minor child where the plaintiff chose not to be involved in the decision, (9) denied the defendant's motion to discard the family relations report dated January 14, 2000, and granted the plaintiff's motion for acceptance of the family relations recommendations, (10) denied the defendant's motion for order dated January 14, 2000, where the family services unit violated General Statutes § 46b-3 and Practice Book § 25-61, (11) denied the defendant's motion for contempt and order dated January 5, 2000, (12) ordered the defendant to pay the fees of the child's attorney without requesting financial

depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one [issue]. . . . [M]ultiplying assignments of error will dilute and weaken a good case and will not save a bad one. . . .

"Most cases present only one, two, or three significant questions. . . . Usually . . . if you cannot win on a few major points, the others are not likely to help. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones." (Citations omitted; internal quotation marks omitted.) *State* v. *Pelletier*, 209 Conn. 564, 567, 552 A.2d 805 (1989).

The issues raised by the defendant fall into two categories: whether the court improperly (1) denied her motion to disqualify the child's attorney and (2) modified the judgment of dissolution by ordering the child to attend school in Fairfield, by granting the plaintiff physical custody of the child and by ordering the defendant to pay child support.

## I

### AC 20276

We dismiss the defendant's appeal with respect to the court's decision refusing to disqualify the child's

affidavits from both parties, (13) modified the visitation schedule ordered by the court on July 22, 1997, when the court had no jurisdiction, i.e., no authority to modify the visitation schedule, (14) granted the plaintiff's motions to terminate child support dated January 26, 2000, and for child support dated January 26, 2000, where the court had no jurisdiction, i.e., no authority to modify custody, (15) punished the defendant for not showing up in court, which punishment was not in the best interests of the minor child, (16) modified custody without a complete family relations report and ordered the family relations counselor to "tailor" her report to the court's wishes, and gave the family relationships counselor a suspicious letter addressed to Judge Cutsumpas without first establishing its credibility and (17) marked off with prejudice the defendant's objection to a motion for order dated January 14, 2000, which was not pursued.

counsel because the defendant lacks standing to raise the issue. "The issue of standing implicates the court's subject matter jurisdiction. . . . Standing focuses on the party seeking to be heard and not on the issues that party wants to have heard." (Citation omitted; internal quotation marks omitted.) *Taff* v. *Bettcher*, 35 Conn. App. 421, 424–25, 646 A.2d 875 (1994). "Our case law is also clear that a person cannot gain standing by asserting the due process rights possessed by another individual. It is axiomatic that due process rights are personal, and cannot be asserted vicariously. . . . Thus, once the court finds it appropriate to appoint counsel for the minor child, the representation is the child's entitlement, not the parent's." (Citations omitted; internal quotation marks omitted.) Id., 425–26. Generally, the defendant has no standing to raise a claim on behalf of her child. *Lord* v. *Lord*, 44 Conn. App. 370, 375, 689 A.2d 509, cert. denied, 241 Conn. 913, 696 A.2d 985 (1997), cert. denied, 522 U.S. 1122, 118 S. Ct. 1065, 140 L. Ed. 2d 125 (1998). The defendant did not claim that her request was made to prevent prejudice to her own case. See id., 375–76. The defendant, therefore, has no standing to pursue her claim that the court improperly denied her motion to disqualify her child's counsel. See *Taff* v. *Bettcher*, supra, 428.

## II

### AC 20269

In her amended appeal, the defendant claims, inter alia, that the court improperly modified the judgment of dissolution by ordering the child to attend school in Fairfield, by granting the plaintiff physical custody of the child and by ordering the defendant to pay child support. We affirm the judgments of the trial court.

### A

With respect to the judgment modification related to the child's school, physical custody of the child and

child support, the court did not write memoranda of decision, and the defendant did not submit a signed copy of any oral decisions. See Practice Book § 64-1. The defendant also did not file motions for articulation.

"The duty to provide this court with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). "It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § 4061 [now § 60-5] . . . . It is not the function of this court to find facts." (Citations omitted.) *State* v. *Rios*, 30 Conn. App. 712, 715–16, 622 A.2d 618 (1993). "Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, supra, 608–609. "We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings." *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 691 n.1, 751 A.2d 394 (2000). Where the transcript does not reveal the basis of the court's factual conclusion, we will not review the appellant's claims. See *Centerbank* v. *Gross*, 31 Conn. App. 38, 39–40, 622 A.2d 1066 (1993).[8]

[8] "The requirements of Practice Book § 64-1 are not met by simply filing with the appellate clerk a transcript of the entire trial court proceedings. . . . A transcript is not even required to be filed in all appeals. See Practice Book § 63-4 (a) (3) . . . . Moreover, a transcript of colloquies between the trial court and counsel is of limited, if any, assistance to the reviewing court. Thus, we have held that the signature of the trial court on an entire trial transcript does not satisfy Practice Book § 64-1. . . . Perhaps of greater significance is the fact that the Appellate Court is not even required to consult a transcript, although it may do so in a proper case. Practice Book

With respect to the defendant's claims that the court improperly changed the child's school, gave the plaintiff physical custody of the parties' son and awarded the plaintiff child support, we are unable to discern the factual bases of the court's decisions from the transcript and decline to review the defendant's claims. The same is true with respect to the court's rulings on other motions, except those noted in part II B of this opinion.

"The trial court did not prepare a written memorandum of decision and did not sign the transcript of its oral decision, as required by Practice Book § 64-1. The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant. . . . We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review." (Citation omitted; internal quotation marks omitted.) *Bank of America, FSB* v. *Franco*, supra, 57 Conn. App. 691 n.1; see *Centerbank* v. *Gross*, supra, 31 Conn. App. 39–40 (no review because unsigned transcript did not reveal basis of trial court's factual conclusion). We therefore decline to review the defendant's claims.

B

With respect to the defendant's claims that the court improperly denied three of her motions,[9] the court's handwritten notations on the order section of the respective motions are sufficient to merit our review. The defendant's briefs, however, contain only her sometimes distorted presentation of the facts[10] and statements of her claims. The briefs contain no standards of review or legal analysis.

§ 67-1 . . . ." (Citations omitted; internal quotation marks omitted.) *Summerbrook West, L.C.* v. *Foston*, 56 Conn. App. 339, 346, 742 A.2d 831 (2000).

[9] The motions in question are the defendant's motions for contempt and order dated January 5, 2000, for order dated January 14, 2000, and for contempt dated February 3, 2000.

[10] We reviewed all of the transcripts submitted by the defendant. We note that the defendant's statement of the facts often misconstrues statements in the transcripts or takes them out of context.

"[F]or this court judiciously and efficiently to consider claims of error raised on appeal; *Karanian* v. *Maulucci*, 185 Conn. 320, 321, 440 A.2d 959 (1981); the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . *Krondes* v. *O'Boy*, 37 Conn. App. 430, 436, 656 A.2d 692 (1995). . . . *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 100, 709 A.2d 14 (1998). The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. Id.; see also *Middletown Commercial Associates Ltd. Partnership* v. *Middletown*, 42 Conn. App. 426, 439 n.12, 680 A.2d 1350, cert. denied, 239 Conn. 939, 684 A.2d 711 (1996). [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . *Fitzgerald* v. *Fitzgerald*, 16 Conn. App. 548, 554, 547 A.2d 1387, cert. denied, 210 Conn. 802, 553 A.2d 615 (1988). *Fromer* v. *Freedom of Information Commission*, 36 Conn. App. 155, 156, 649 A.2d 540 (1994). . . . *New London Federal Savings Bank* v. *Tucciarone*, supra, 101. Where the parties cite no law and provide no analysis of their claims, we do not review such claims. Id." (Internal quotation marks omitted.) *Mullen & Mahon, Inc.* v. *Mobilmed Support Services, LLC*, 62 Conn. App. 1, 10, 773 A.2d 952 (2001).

Appeal AC 20276 is dismissed.

In appeal AC 20269, the judgments are affirmed.[11]

In this opinion the other judges concurred.

---

[11] Although we do not reach the merits of the defendant's claims, we share the trial court's concern for the welfare of the parties' child, as reflected in the transcripts, where the court advised the parties in open court of the potentially tragic consequences this protracted litigation may have for their son.