THOMAS J. NIEHAUS *v.* COWLES BUSINESS
MEDIA, INC.
(AC 20660)

Landau, Dranginis and Peters, Js.

Argued March 23—officially released October 16, 2001

*Sabato P. Fiano*, with whom, on the brief, was *Jonathan D. Elliot*, for the appellant (plaintiff).

*Kenneth W. Gage*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Thomas J. Niehaus, appeals from the summary judgment rendered in favor of the defendant, Cowles Business Media, Inc. The plaintiff claims that the trial court improperly concluded that there was no genuine issue of material fact after finding, as a matter of law, that a contract, pursuant to which the plaintiff participated in the sale to the defendant of the company that employed him, was clear and unambiguous on its face, and was not susceptible to more than one possible interpretation. We dismiss the appeal.

The following facts and procedural history are undisputed. In 1995, the plaintiff negotiated with his then employer, Simba Information, Inc. (Simba), for additional compensation to be paid to him in the event that Simba sold its stock to the defendant, depending on the time of the sale. The negotiations led the plaintiff

and Simba to enter into a participation agreement (agreement), dated June 16, 1995, at which time the plaintiff had been employed by Simba for nearly two years. The agreement provided for the payment of a valuation amount to the plaintiff if a sale of Simba stock occurred. The participation period began on the date of the agreement and ended on March 31, 1999. The sale of Simba in fact occurred, and was completed and closed on January 16, 1996, when the defendant purchased all of the stock of Simba.

On March 19, 1997, the defendant terminated the plaintiff's employment without cause. On or about April 1, 1997, the plaintiff received $151,229, less applicable taxes, as payment under the terms of the agreement. On June 15, 1999, the plaintiff commenced this action. The complaint alleges one count of breach of contract and one count of breach of the implied covenant of good faith and fair dealing. The complaint alleges that the plaintiff is entitled to receive an additional $151,229 under the terms of the participation agreement between him and Simba. On January 13, 2000, the defendant filed a motion for summary judgment as to both counts of the complaint. The defendant claimed that there was no genuine issue of material fact because the participation agreement was unambiguous and, therefore, as a matter of law, the plaintiff was not entitled to additional sums. On March 7, 2000, the court granted the motion and rendered judgment for the defendant. This appeal followed.

On appeal, the plaintiff claims that the court improperly concluded that the agreement was clear and unambiguous. Specifically, the plaintiff argues that paragraph three of the agreement requires payment of 50 percent of the valuation amount on March 31, 1997, and the remaining 50 percent on March 31, 1999, and that he therefore is entitled to the full valuation amount of $302,458 because the sale was completed prior to March

31, 1997, the date on which he was terminated. The plaintiff also argues that the parenthetical phrase in the agreement, "if and at the time a Sale occurs," should be interpreted to limit the applicability of paragraph 4 (c) to circumstances in which the sale occurs after termination.

The defendant, however, argues that the plaintiff's interpretation completely ignores other terms in the agreement. The court did not issue a memorandum of decision, but noted as its decision: "The language of the participation agreement is clear and unambiguous, especially paragraph 4 (c). Therefore, there are not any genuine issues of fact." On the basis of that determination, the court granted the defendant's motion for summary judgment.

In this case, the court did not write a memorandum of decision and the plaintiff did not file a motion for articulation. "The duty to provide this court with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). "It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § [60-5] . . . . It is not the function of this court to find facts." (Citations omitted.) *State* v. *Rios*, 30 Conn. App. 712, 715–16, 622 A.2d 618 (1993). "Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claims] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, supra, 608–609.

With respect to the plaintiff's claim that the court improperly determined that the participation agreement

was unambiguous and not susceptible to more than one reasonable interpretation, we are unable to discern the factual and legal basis of the court's decision from the two sentences noted as its decision. This court has no way of knowing the basis of the trial court's ruling. The record contains the agreement and the plaintiff's deposition testimony.

"The trial court did not prepare a written memorandum of decision and did not sign the transcript of its oral decision, as required by Practice Book § 64-1. The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant. . . . We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review." (Citation omitted; internal quotation marks omitted.) *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 691 n.1, 751 A.2d 394 (2000); *Centerbank* v. *Gross*, 31 Conn. App. 38, 39–40, 622 A.2d 1066 (1993) (no review because unsigned transcript did not reveal basis of trial court's factual conclusion). We therefore decline to review the plaintiff's claims.

The appeal is dismissed.