[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
In this action, the plaintiff, Margaret Bellwood, seeks to discharge a lien on her property that is held by the defendants. The defendants are Carol and Thomas Dooley, Margaret Bellwood's sister and brother-in-law. To summarize the issues briefly, the defendants paid certain bills and incurred other obligations on behalf of Bertha and Carl Bellwood, who were the parents of the plaintiff and the defendant, Carol Dooley. In response to the defendants' actions, Bertha and Carl executed a lien in favor of the defendants. This lien was filed on the land records against property owned by Bertha and Carl located at 192 Wilton Road, Westport, Connecticut.
Bertha and Carl Bellwood are now deceased and the plaintiff owns the property and resides there. In the amended complaint, the plaintiff has alleged that the defendants' lien is invalid for three reasons. The first allegation is that the lien is usurious in violation of Section 37-4 of the General Statutes; the next claim is that the underlying debt has been paid in full; and the last claim is that any claims based on the lien are barred by the statute of limitations. In their amended answer, the defendants deny that their lien is invalid.
On July 5, 2001, the plaintiff filed a motion for partial summary judgment in which she argues that the lien and notes were fully paid and satisfied by means of a later note, and that the later note is unenforceable because the defendants failed to comply with General Statutes § 45a-375 (c). In their response to the plaintiffs motion for partial summary judgment, the defendants, who are now apparently proceeding pro se, appear to argue that the plaintiffs complaint is defective because the plaintiff fails to cite to General Statutes §45a-375 (c) in the complaint and because there exist disputed factual issues precluding summary judgment.[1] For the following, reasons, the plaintiffs motion for partial summary judgment is granted. CT Page 15460
 DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v. Washington,258 Conn. 553, 559, 783 A.2d 993 (2001). "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) Buell Industries v.Greater New York Mutual Ins., 259 Conn. 527, 556, 791 A.2d 489 (2002).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). "The trial court may grant summary judgment when the documents submitted in support of the [movant's] motion demonstrate that there is no genuine issue of material fact that the [nonmovant's] suit is barred by the applicable statute of limitations." Shuster v. Buckley,5 Conn. App. 473, 477, 500 A.2d 240 (1985).
The plaintiff first claims that the amounts owed to the defendants have been satisfied, but the plaintiffs own submissions establish the error of this claim. These submissions indicate that the underlying debt was initially reflected by two notes and this debt has in reality not been "satisfied." The debt is now reflected in a new, single promissary note which was executed as a replacement of the earlier notes.
Thus, the plaintiff primary argument is that any claim based on the lien is barred by the statute of limitations period of § 45a-375
(c). This statute provides: "Except as provided in subsections (b) and (d) of this section, no claim may be presented and no suit on such claim may be commenced against the fiduciary, the estate of the decedent, or any creditor or beneficiary of such estate but within (1) two years from the date of the decedent's death or (2) the date upon which the statute CT Page 15461 of limitations applicable to such claim, including any period of limitation established pursuant to section 45a-357, would otherwise have expired, whichever shall first occur." General Statutes § 45a-375
(c).
In support of her motion, the plaintiff has submitted: her own affidavit to which she attached certified copies of Bertha and Carl Bellwood's death certificates; uncertified copies of the lien and notes; two letters from Carol Dooley in which she disclaims any proceeds from her mother's estate. The pro se defendants have not filed any affidavits or other relevant evidence in opposition to the plaintiffs motion.
When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 795, 653 A.2d 122 (1995). The plaintiffs affidavit and the certified copies of the death certificates of Carl and Bertha Bellwood show that more than two years have passed since Bertha and Carl Bellwood's deaths. In her affidavit, the plaintiff also avers that the defendants did not make any claims against the estate of Bertha Bellwood. Although the defendants are now proceeding pro se, they did file a response opposing the motion for summary judgment, but no where do they allege that they made a claim or filed a suit to collect the debt at issue.
"The trial court, in deciding a motion for summary judgment, must consider the facts in the light most favorable to the nonmoving party."Interface Flooring Systems v. Aetna Casualty Surety, Co.,261 Conn. 601, 605, 804 A.2d 201 (2002). In addition, "it is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) Strobel v. Strobel, 64 Conn. App. 614,617, 781 A.2d 356 (2001), cert. denied, 258 Conn. 937, 786 A.2d 426
(2001).
In this case, the defendants have neither offered any evidence, nor even made an assertion to refute the plaintiffs submissions that any claim based on the lien is time barred under General Statute § 45a-375
(c).[2] Consequently, on the record presented it appears that the plaintiff is entitled to partial summary judgment. Nevertheless, CT Page 15462 especially in view of the defendants' pro se status, the defendants are given leave, as provided under the rules of practice, to move within twenty days for the court to reconsider this decision. In any such motion to reargue, the defendants shall provide affidavits or other admissible documentation as to why the plaintiffs motion for partial summary judgment should not be granted.
Therefore, the plaintiffs motion for partial summary judgment is herebygranted and the matter may be placed on the hearing in damages list for the determination of the appropriate relief. The defendants have leave to move for reconsideration of this ruling as provided by practice book rule. See P.B. § 11-12.
So ordered this day of December 2002.
 ___________________ STEVENS, J.