CHANDRA K. MCDUFFEE *v.* SCOTT MCDUFFEE
(13799)
(13800)

O'Connell, Heiman and Spear, Js.

Argued June 6—decision released September 19, 1995

*Sheila S. Horvitz,* for the appellant (plaintiff).

*Jonathan W. A. Ruhe,* for the appellants (intervenor Leo Santucci et al.).

*Mark R. Brouillard,* for the appellee (defendant).

SPEAR, J. This is the consolidated appeal of the plaintiff mother and the intervening maternal grandparents. The plaintiff appeals from the trial court's postjudgment order granting temporary custody of her minor child to the defendant, the child's father. The plaintiff claims that the trial court's granting of temporary custody to the defendant violated her right to due process because the trial court refused to continue the case until her criminal trial had concluded. The intervening maternal grandparents appeal from the trial court's revocation of their visitation rights. They claim that the trial court improperly (1) suspended their visitation rights in an

ex parte hearing, and (2) failed to recuse itself after engaging in ex parte communications.

The factual and procedural history of this case is lengthy and complex. The essential relevant facts, however, are as follows. The marriage of the plaintiff and the defendant was dissolved on April 30, 1990, with custody of the minor child awarded to the plaintiff subject to reasonable, supervised visitation by the defendant. On July 18, 1993, the plaintiff was arrested in New Hampshire on felony charges including attempted murder. She was incarcerated on some of the days that the subject custody motion was heard. Because of the plaintiff's incarceration, the maternal grandparents intervened in the postjudgment dissolution proceedings, and they and the defendant filed motions for temporary custody of the child. Hearings on the defendant's motion took place on divers days between February 3, 1994, and May 25, 1994.[1]

The plaintiff filed a motion, dated January 27, 1994, requesting a continuance of the custody hearing that was scheduled to be heard February 3, 1994. She sought a continuance because her criminal case was scheduled to commence on February 7, 1994. The plaintiff made no allegation that she was incarcerated at the time.[2] The trial court denied this request. On May 25, 1994, the plaintiff's attorney again requested a continuance because the conclusion of the plaintiff's criminal trial was imminent, and, if acquitted, she would be available to testify at the custody hearing. The court denied the motion and issued its decision on June 2, 1994, awarding temporary custody to the defendant. The plaintiff was

---

[1] The trial court's memorandum of decision does not specifically refer to either temporary custody motion. The court, however, granted temporary custody to the defendant without any reference to the intervening maternal grandparents' motion.

[2] We note that the New Hampshire state's attorney requested that the plaintiff's bail be revoked by motion dated March 31, 1994.

acquitted of the criminal charges on May 27, 1994, and this appeal ensued.

On April 7, 1994, the trial court heard an ex parte motion by the defendant to suspend the visitation rights of the maternal grandparents. The motion alleged that the maternal grandparents had violated the conditions of the court's visitation order. After hearing the motion in open court, the trial court suspended the visitation rights of the maternal grandparents and ordered the defendant's counsel to immediately fax notice of its order to other counsel of record.

On April 27, 1994, the maternal grandparents filed a motion to vacate the ex parte order suspending their visitation rights, and on May 3, 1994, they filed a motion to recuse the trial court judge who entered the ex parte order from hearing any "further matters regarding this case." The trial court granted the motion to vacate the ex parte order and denied the motion to recuse. The trial court thereafter completed the temporary custody hearing and awarded temporary custody to the defendant. We affirm the judgment of the trial court and dismiss the appeal of the intervening maternal grandparents because it is moot.

I

We turn first to the plaintiff's appeal. The sole issue in the appeal is whether the trial court improperly denied her motion for a continuance. She argues that the denial of her continuance request violated her due process rights pursuant to the fourteenth amendment to the constitution of the United States.[3]

We agree with the plaintiff that a natural parent has a protected liberty interest in a relationship with her

---

[3] The fourteenth amendment to the constitution of the United States provides in pertinent part: "No State shall . . . deprive any person of . . . liberty . . . without due process of law . . . ."

child and, therefore, has a constitutional right to be present and to be heard at hearings affecting that relationship. See *Lassiter* v. *Dept. of Social Services*, 452 U.S. 18, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981); *In re Jonathan P.*, 23 Conn. App. 207, 579 A.2d 587 (1990). We disagree, however, with the plaintiff's assertion that these principles were violated in this case. The cases on which the plaintiff principally relies are inapposite because they all involve *state sanctioned action* against the parent that does not appear, which is not present in this case.[4]

The plaintiff's claim that her due process rights were violated is without merit. She confuses her own inaction in failing to arrange to be present or to provide testimony[5] at the hearing with an affirmative action by the trial court denying her the right to be present. This is a private custody dispute, and the court did nothing to *prevent* the plaintiff from appearing. The record is devoid of any indication that the plaintiff availed herself of any of the procedures that would have allowed her to provide evidence or to be present. We conclude, therefore, that the trial court did not violate the plaintiff's due process rights.

We turn next to the question of whether the court's decision to deny the continuance request was an abuse

---

[4] The plaintiff cites the following cases in support of the proposition that her due process rights were violated. *Barnes* v. *Fucci*, 563 So. 2d 175 (Fla. 1990) (trial court's denial of incarcerated mother's writ of habeas corpus ad testificandum violated mother's due process right to be present and have opportunity to be heard); *In re Render*, 145 Mich. App. 344, 377 N.W.2d 421 (1985) (state's termination of parental rights of incarcerated mother without making affirmative effort to secure her presence at hearing violated her due process rights); *Burts* v. *Burts*, 227 Va. 618, 316 S.E.2d 745 (1984) (court's refusal to allow mother into chambers to be present and participate in hearing regarding support issues was direct act that denied mother her due process rights).

[5] The plaintiff could have arranged to have given a deposition, to testify via telephone or to seek a writ of habeas corpus ad testificandum.

of discretion. It is well established that "[a] trial court has broad discretion in granting or denying motions for continuances and '[e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made.' *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 538, 429 A.2d 801 (1990)." *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 312, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990).

Here, although the plaintiff asserts that she was released from custody on May 27, 1994, two days after the court denied her continuance request, the trial court had no way of knowing what her release date would be when it denied the continuance motion. As our Supreme Court noted in *In re Juvenile Appeal (Docket No. 10155)*, 187 Conn. 431, 440, 446 A.2d 808 (1982), the trial court did not abuse its discretion because "the date of the respondent's release was a matter of speculation. Whatever the virtues of hindsight, the trial court cannot be charged with failing to anticipate accurately the date of the respondent's actual release." We, therefore, conclude that the trial court did not abuse its discretion in light of all of the circumstances before it at the time of the continuance requests.

## II

### A

In their first issue on appeal, the intervening maternal grandparents claim that the trial court engaged in improper ex parte communication by hearing the defendant's motion to suspend their visitation rights without notice to any of the other parties. They also assert that the trial court improperly failed to schedule a timely hearing at which all the parties could be present to challenge the motion to suspend the visitation rights. In their brief, the grandparents claim that "the court's order regarding visitation . . . should be reversed and remanded for [an] appropriate hearing."

Before reaching the merits of this claim, we consider, sua sponte, whether the issue is moot. "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *McCallum* v. *Inland Wetlands Commission*, 196 Conn. 218, 225, 492 A.2d 508 (1985). The grandparents' claim that the ex parte order should be reversed is moot because prior to the appeal the trial court vacated its order that suspended their visitation rights. No actual controversy exists and no practical relief can be afforded to the maternal grandparents. Accordingly, the appeal as to this issue is dismissed as moot.

## B

The second issue in the maternal grandparents' appeal is: "Did the court err in refusing to recuse itself for having engaged in improper ex parte communication." As to this issue, the grandparents claimed that "[t]he court, *Potter, J.*, should be ordered to recuse itself from further hearing on this matter or any future issue involving this case." The grandparents do not identify any further hearing that may take place regarding the suspension of their visitation rights, and our review of the appellate record discloses none. Whether Judge Potter will preside over other proceedings in this case is entirely speculative. Because we are left to speculate whether this relief may be necessary in the future, the appeal as to this issue is dismissed as moot. See id.

The judgment is affirmed; the appeal of the intervenors is dismissed as moot.

In this opinion the other judges concurred.