BETH ANN MONGILLO *v.* EDWARD MONGILLO
(AC 20975)

Lavery, C. J., and Bishop and Peters, Js.

Argued February 15—officially released April 30, 2002

*Lori Welch-Rubin*, for the appellant (plaintiff).

*Kevin P. Thornton*, for the appellee (defendant).

*Opinion*

BISHOP, J. In this appeal from a marital dissolution judgment, the plaintiff, Beth Ann Mongillo, claims that the trial court acted improperly (1) in its determination that the marriage was no longer viable after seven years, (2) in its award of alimony for a period of one year and (3) in its failure to award her any portion of the vested pension benefits of the defendant, Edward Mongillo. We affirm the judgment of the trial court.

The record discloses the following relevant information. The parties, who were married on April 10, 1987, had one child, who was born in May, 1992. At the time

of the marital dissolution hearing in June, 2000, the plaintiff was forty-three years of age and the defendant was forty-six. Their child, then eight years old, was residing primarily with the plaintiff in the former family residence. The plaintiff, a junior college graduate with a degree in travel administration, was working approximately fifteen hours a week as a teacher's aide. Her financial affidavit filed in conjunction with the marital dissolution hearing reflected gross weekly earnings of $237.65. She previously had worked as a travel agent for approximately five years and later as an administrative assistant with the Southern New England Telephone Company (telephone company) for approximately nine years. When she voluntarily left her employment with the telephone company in conjunction with the birth of the parties' child, she had weekly gross earnings of approximately $530. In conjunction with her departure from the telephone company, she received an early retirement benefit that she placed into an individual retirement account. At the time of the marital dissolution hearing, the plaintiff indicated on her affidavit that the account had a value of approximately $80,000.

The plaintiff undertook the primary care of the parties' child and did not resume employment outside the home until the pendency of the marital dissolution action. At the marital dissolution hearing, the plaintiff testified that she had no present intention of resuming full-time employment. Conflicting evidence was presented as to whether the parties had agreed in their marriage that the plaintiff never would be required to resume outside employment or would become reemployed as soon as their child was of school age. At the time of the marital dissolution action, the child was in the second grade.

The defendant, a college graduate, was earning approximately $64,000 annually as a technical high school department head where he had been employed

for twenty-two years. In conjunction with his employment, the defendant, as a participant in the Connecticut state teachers retirement program, had the vested right to receive a monthly pension upon retirement and once he reached age sixty-five.

On June 16, 2000, the court rendered judgment dissolving the parties' marriage on the ground of irretrievable breakdown. It awarded joint custody of the daughter to the parties and physical custody of her to the plaintiff. The defendant was ordered to pay child support to the plaintiff in the amount of $188 per week. The court also ordered the defendant to pay alimony in the amount of $200 per week for one year.

With respect to the parties' assets, the court found that the defendant had made significant contributions to the marriage from assets he owned prior to the marriage, from gifts and from an inheritance he had received. The court noted also that during the course of the marriage, the plaintiff had received funds from her family that had been contributed to the marriage, though in amounts substantially less than the defendant's contributions.

The court granted the plaintiff possession of the former family residence until the child's eighteenth birthday with the proviso that the plaintiff pay the taxes and maintain the property during her occupancy. The court heard evidence that the parties had made improvements to the residence, which they had purchased for $184,000 in 1988. The parties' affidavits reflected that at the time of the marital dissolution, there was no mortgage on the property. The court further ordered a sale of the residence upon the child's eighteenth birthday, with the proceeds to be divided 40 percent to the plaintiff and 60 percent to the defendant.

The court also made orders concerning the parties' personal property. Those orders included a provision

that the plaintiff's vested pension benefits from the telephone company would remain her property and that the defendant would retain ownership of his vested pension benefits. On July 6, 2000, the plaintiff timely filed the present appeal. Additional facts and procedural history will be presented as necessary.

I

The plaintiff claims that the court improperly stated in its memorandum of decision that "[f]or all practical purposes, this marriage was viable for only seven years." In support of her claim, the plaintiff argues that because the court also noted that the parties had ceased sexual relations seven years after their marriage, the court's finding of fact was tantamount to a determination that the parties could not have a viable marital relationship absent sexual relations. She argues, further, that the court's finding that the marriage was not viable after seven years resulted in the failure of the court to consider the plaintiff's contributions to the marriage after seven years. We are unpersuaded.

We begin our analysis by setting forth the appropriate standard of review. "We have long held that a finding of fact is reversed only when it is clearly erroneous. . . . A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Citations omitted; internal quotation marks omitted.) *Hartford Electric Supply Co.* v. *Allen-Bradley Co.*, 250 Conn. 334, 345–46, 736 A.2d 824 (1999).

The evidence presented at the dissolution hearing indicated as follows. The parties married in 1987.

Shortly after the birth of their daughter in 1992, they began experiencing significant marital strife. The defendant believed that the plaintiff focused her attention exclusively on their daughter and considered him unimportant. With increasing frequency, the defendant, upon his return home from work, secluded himself in the basement and emerged only to eat dinner in the company of the plaintiff and their daughter. Although the defendant at times cared for his daughter, his interaction with her as well as the plaintiff was extremely limited. On a rare occasion, the defendant joined the plaintiff and their daughter in weekend activities. During 1994, the parties discontinued their sexual relationship, which had been in gradual decline.

The record discloses that there was evidence supporting the court's finding that after seven years, the parties' marriage no longer had been viable. Furthermore, upon completing our review of the record, we were not left with a definite and firm conviction that the court mistakenly had made that finding.

In consideration of the remaining arguments advanced by the plaintiff, we conclude that the court's finding that the marriage had ceased to be viable during the year that the parties had stopped having sexual relations does not establish that the court based its finding as to viability solely on the fact that the parties had discontinued their sexual relationship. The court's factual finding that the parties had ceased sexual relations in 1994 does not support the proposition that the court failed to consider other trial evidence relevant to its determinations. Additionally, the record is devoid of any support for the plaintiff's assertion that the court did not consider the marital contributions of either party after 1994 in fashioning its orders.[1]

---

[1] We note that the plaintiff did not seek an articulation of the court's memorandum of decision.

## II

Next, the plaintiff claims that the court improperly limited the duration of her alimony to one year. She challenges the duration of the award on two grounds: (1) during the dissolution hearing, no evidence was presented that indicated alimony would be unnecessary or less necessary to her in one year; and (2) the court never expressly stated that it had considered the relevant statutory criteria.

"[General Statutes §] 46b-82 governs awards of alimony. That section requires the trial court to consider 'the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to [General Statutes §] 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment' in ordering either party to pay alimony to the other. In awarding alimony, '[t]he court must consider *all* of these criteria. . . . It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express findings as to each statutory factor.' . . . In particular, rehabilitative alimony, or time limited alimony, is alimony that is awarded primarily for the purpose of allowing the spouse who receives it to obtain further education, training, or other skills necessary to attain self-sufficiency. . . . Rehabilitative alimony is not limited to that purpose, however, and there may be other valid reasons for awarding it." (Citations omitted; emphasis in original.) *Bornemann* v. *Bornemann*, 245 Conn. 508, 539–40, 752 A.2d 978 (1998).

"An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not

reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Smith* v. *Smith*, 249 Conn. 265, 282–83, 752 A.2d 1023 (1999).

In the present case, the court awarded one year of alimony to the plaintiff on the basis of its finding that she was underemployed and would need only a short period of time to procure full-time employment. The court made those findings after hearing evidence concerning the plaintiff's education, prior employment and earnings history. We conclude that sufficient evidence was presented to support the court's durational alimony order.

In response to the plaintiff's remaining argument, we note that a court is not required to reference expressly the statutory criteria that it considered in awarding alimony. *Bornemann* v. *Bornemann*, supra, 245 Conn. 539. We therefore conclude that the court did not abuse its discretion in limiting the duration of the alimony to one year. We note that the court did not render its alimony order nonmodifiable either as to amount or duration, and, consequently, the plaintiff was not foreclosed from timely filing a motion for modification of the alimony award. See *Scoville* v. *Scoville*, 179 Conn. 277, 280, 426 A.2d 271 (1979).

## III

Finally, the plaintiff claims that the court improperly declined to award her a percentage of the defendant's vested pension. In support of her claim, she argues that the court (1) failed to value the defendant's pension and (2) failed to distribute the pension equitably in light of its substantial value, the defendant's failure to fully and fairly disclose it in his financial affidavit, and the length of the parties' marriage. We review that claim

under the abuse of discretion standard, which we set forth in part II.

"The distribution of assets in a dissolution action is governed by § 46b-81, which provides in pertinent part that a trial court may 'assign to either the husband or the wife all or any part of the estate of the other. . . . In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.' " *Krafick* v. *Krafick*, 234 Conn. 783, 792, 663 A.2d 365 (1995).

"There are three stages of analysis regarding the equitable distribution of each resource: first, whether the resource is property within § 46b-81 to be equitably distributed (classification); second, what is the appropriate method for determining the value of the property (valuation); and third, what is the most equitable distribution of the property between the parties (distribution)." Id., 792–93. The present case concerns the proper treatment of the defendant's vested pension under the second and third stages of the equitable distribution scheme.[2]

## A

We first consider the plaintiff's argument that the court failed to value the defendant's vested pension.[3]

---

[2] For clarity, we note that our Supreme Court in *Krafick* v. *Krafick*, supra, 234 Conn. 793, concluded that vested pension benefits constitute property for the purposes of equitable distribution pursuant to General Statutes § 46b-81.

[3] In that context, we use the adjective "vested" when referring to pension interests "in which an employee has an irrevocable . . . right, in the future,

We distill from the plaintiff's brief and her statements during oral argument that she specifically contends that the court should have assigned a present value to the defendant's pension before distributing it. Given the circumstances of the present case, we disagree.

The record discloses that the defendant had a vested right under a defined benefit plan that entitled him to receive a fixed sum per month upon reaching age sixty-five.[4] As the plaintiff conceded during oral argument before us, the record discloses also that neither she nor the defendant had presented evidence of the present value of his pension. "Calculating a pension's present value depends on several factors, including the employee spouse's life expectancy, the proper interest rate for discount and the date of retirement." Id., 800. It is not the function of the court to make calculations of that sort to fill evidentiary gaps. Accordingly, in the absence of such evidence, we conclude that the court did not abuse its discretion in declining to assign a present value to the defendant's pension.

B

We now consider the plaintiff's argument that the court failed to distribute the pension equitably in light of its substantial value, the defendant's failure to fully and fairly disclose it in his financial affidavit, and the length of the parties' marriage.

In fashioning its orders for the disposition of property, the court is obligated to consider the statutory factors relating to the disposition of property in marital

to receive his or her account balance (under a defined contribution plan), or his or her accrued benefit (under a defined benefit plan), regardless of whether the employment relationship continues." (Internal quotation marks omitted.) *Bender* v. *Bender*, 258 Conn. 733, 737 n.2, 785 A.2d 197 (2001).

[4] "[A] 'defined benefit plan' refers to a plan [that] is 'funded to provide a definitely determinable benefit to the employee upon retirement.'" *Krafick* v. *Krafick*, supra, 234 Conn. 793 n.19.

dissolution. See General Statutes § 46b-81. The statutory scheme setting forth the criteria for the court's exercise of discretion in making property awards provides no support for the plaintiff's argument that it was error for the court not to award the plaintiff a portion of the defendant's retirement benefits.

She argues further that the court should have awarded a portion of the defendant's pension because he failed to disclose it at trial. A review of the transcript and the parties' financial affidavits supports the plaintiff's claim that the defendant did not list his pension on his financial affidavit and that his right to receive pension benefits was revealed only on cross-examination. Although we agree with the plaintiff that the defendant had an affirmative duty to disclose that information on his financial affidavit, his failure in that regard does not provide an independent basis for an award of the pension to the plaintiff. Given the totality of the court's property disposition awards, the court did not act improperly in failing to award the plaintiff a portion of the defendant's pension.

The judgment is affirmed.

In this opinion the other judges concurred.