## DOROTHY GRECO *v.* RALPH GRECO
## (AC 22135)

Schaller, Dranginis and Hennessy, Js.

Submitted on briefs February 28—officially released July 2, 2002

*William H. Cashman* filed a brief for the appellant (defendant).

*George W. Boath, Jr.,* filed a brief for the appellee (plaintiff).

SCHALLER, J. The defendant, Ralph Greco, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Dorothy Greco. On appeal, the defendant claims that the court (1) improperly found facts and (2) abused its discretion in distributing the marital assets. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendant's appeal. After thirty-seven years of marriage, the plaintiff brought a dissolution of marriage action against the defendant on August 4, 2000. During the trial, the defendant admitted to having had an affair that began in 1999. The plaintiff testified that she was willing to reconcile with the defendant after the affair, but as a condition of reconciliation, she would require him to transfer all the family assets into her name alone. After hearing the parties, the court found that the marriage had broken down because of the defendant's infidelity. The court distributed 67 percent of the marital assets to the plaintiff and 33 percent of the assets to the defendant. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly found facts. Specifically, the defendant argues that the court improperly found that his infidelity caused the breakdown of the marriage and that his loss of self-esteem also led to the breakdown of the marriage.

We first note our standard of review for the defendant's claim. "We have long held that a finding of fact

is reversed only when it is clearly erroneous. . . . A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *Mongillo* v. *Mongillo*, 69 Conn. App. 472, 476, 794 A.2d 1054 (2002).

The defendant first argues that the court improperly found that his affair had caused the breakdown of the marriage. According to the defendant, the marriage broke down as a result of his refusal to accept the plaintiff's terms of reconciliation requiring him to transfer all the marital assets to her. He argues that it was improper for the court to find otherwise because it was the plaintiff's demands and refusal to negotiate that caused the marriage to break down.

The court's memorandum of decision reveals that the court set forth both parties' contentions as to why the marriage broke down. The court noted the plaintiff's contention that, among other things, the marriage broke down because of the defendant's repeated infidelity. The court also noted the defendant's position that the cause of the breakdown was the plaintiff's alcohol use, lack of communication, dictatorial personality, unwillingness to go on vacations and loss of a close friend. The court concluded that "[w]hile there are two sides to every marriage breakdown and perceptions always vary, it would appear the [plaintiff's] claims are more credible."

We are not persuaded that the court's finding was erroneous. In the present case, the court chose to credit the plaintiff's testimony as to why the marriage broke

down over that of the defendant. It is a well settled proposition that the court is entitled to accept or reject, in whole or in part, the testimony of a party before it. See *Hunter's Ambulance Service, Inc.* v. *Shernow*, 70 Conn. App. 96, 111, 798 A.2d 991 (2002). In light of the uncontested fact that the defendant had engaged in an extramarital affair, we cannot conclude that it was improper for the court to find that this infidelity caused the breakdown of the marriage. Because the court's finding was supported by ample evidence in the record, that finding was not clearly erroneous.

Additionally, we are not persuaded by the defendant's argument that the terms of reconciliation were the cause of the breakdown. We note that the court's memorandum does not list the reconciliation terms as one of the defendant's arguments as to why the marriage broke down. It would therefore appear that the defendant did not even argue that contention at the dissolution hearing. Moreover, as the plaintiff correctly states in her brief, the demand to transfer assets and the defendant's refusal to do so was an impediment to *reconciliation*, not a contributing factor to the breakdown. Logic dictates that the terms of reconciliation, and indeed the reconciliation itself, were necessitated by the defendant's initial infidelity. The defendant's argument seeks to assign the breakdown of the marriage to a failed remedy as opposed to the actual underlying cause for which the remedy proved insufficient. We cannot agree with that contention.

The defendant also asserts that it was improper for the court to find that his loss of self-esteem also led to the breakdown of the marriage. The defendant contends that one phrase contained in the court's opening remarks in the memorandum of decision constitutes a finding that the defendant's loss of self-esteem caused the breakdown. We will not address that contention because the court's statement that the defendant takes

issue with was not a finding of fact. A review of the memorandum makes it clear that the remark in question was nothing more than the court's setting of the stage for its determination of the issue presented.

## II

The defendant next claims that the court abused its discretion in distributing the marital assets. The defendant argues that the court did not have a sufficient basis to distribute the assets as it did.[1]

We first note our standard of review. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . . Our statutory scheme, specifically [General Statutes] §§ 46b-81 and 46b-82, set[s] forth the criteria that a trial court must consider when resolving property and alimony disputes in a dissolution of marriage

---

[1] We note that the defendant argues that instead of reviewing that claim based on the 33 percent of the assets he received, we should exclude a $100,000 mortgage on the marital home that he was assigned and review the award as if he received only 25 percent of the assets. The defendant argues that we should exclude the mortgage because there is a very low probability that he will receive payment on the mortgage during his lifetime as a result of the conditions of payment implemented by the court. Despite that argument, the defendant has provided no authority to support the exclusion of that asset from our review. Additionally, we note that if we were to exclude that asset and then review the distribution, we would essentially be redetermining the allocation of assets. We cannot assume that role. We therefore decline to exclude the asset, and we review the distribution as it stands.

action. The court must consider *all* of these criteria. . . . It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express finding as to each statutory factor. A ritualistic rendition of each and every statutory element would serve no useful purpose. . . . [T]he trial court is free to weigh the relevant statutory criteria without having to detail what importance it has assigned to the various statutory factors." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Simmons* v. *Simmons*, 244 Conn. 158, 174–75, 708 A.2d 949 (1998).

The court did not abuse its discretion in awarding the plaintiff 67 percent of the assets. Despite the defendant's contentions to the contrary and his own review of the criteria set forth in § 46b-81, we cannot construe the court's award as an abuse of discretion in light of the court's finding that the defendant's infidelity was the cause of the breakdown of the marriage. That is a factor that the court was required to consider pursuant to § 46b-81. "It is often the case that the appellant, in arguing abuse of discretion, would in reality have this court vary either the weight placed upon specific statutory criteria or the weight placed upon documentary or testimonial evidence. . . . Such an excursion by this court into the domain of the trier is unacceptable." (Citation omitted; internal quotation marks omitted.) Id., 176. We determine that the court reasonably could have concluded as it did. As a result, the court did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.