[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Watertown, Connecticut, on August 4, 1990, approximately twelve years ago. The plaintiff (sometimes referred hereafter to as the husband) has resided in this state for more than one year prior to filing the complaint, therefore the court has jurisdiction. There were no minor children born of this marriage. The defendant (sometimes referred to hereafter as the wife) has three children from a prior marriage. In the complaint, the plaintiff alleges that the marriage has broken down irretrievably with no hope of reconciliation. Neither of the parties are recipients of state or local assistance.
As in most divorce cases, and in this case, both parties testified that the other was responsible for the breakdown of the marriage. The plaintiff claims the defendant had a boyfriend and found them in bed together during the marriage. The defendant admitted having a boyfriend but denied committing adultery with him. Thereafter, the husband left the marital home in July of 2000.
The defendant testified of having been spousally abused on numerous occasions. She stated the plaintiff was arrested about four times for CT Page 9090 domestic violence. On one recent occasion, she taped his telephone conversation in which he threatened to kill her.
The defendant also entered in evidence letters the plaintiff wrote to harass her and the court finds this evidence credible and probative. (See Defendants Exhibits D and E).
Both parties claimed that the other drank alcohol liquor in excess causing arguments and discord during the marriage.
After hearing both of the party's testimony the court finds the plaintiff's deviant behavior contributed significantly more to the marital breakdown.
From the testimony of both parties and the exhibits entered in evidence, the court finds the marriage has broken down irretrievably and enters a decree of dissolution pursuant to § 46b-40 (c)(1) of the Connecticut General Statutes.
From the plaintiff's testimony, the court finds he is presently employed by New Penn Motor Express as a union truck driver. On his financial affidavit dated July 9, 2002, the date of trial, the plaintiff lists his gross weekly earnings at $750, with deductions for income taxes, social security, and medicare of $250, for a total net weekly income of $500.
The defendant disputed these figures and entered into evidence the plaintiff's payroll records for the past six months from his employer. (See Defendant's Exhibit C.) From this evidence, the court finds the plaintiff's average gross weekly income to be $1,160, and crediting him with $360 for deductions, giving him a net weekly income of $800 instead of the $500 net weekly income shown on his financial affidavit.
On the defendant's financial affidavit dated July 9, 2002, she is presently being paid a net weekly income of $125 for taking care of her ailing father in the marital home. The father is sixty-seven years old suffering from Parkinson's disease and is in need of constant care. He is able to remain at home, instead of being cared for in a convalescent facility. The plaintiff also receives a weekly income of $81 from a structured settlement for injuries she sustained in an automobile accident. The total amount of future payments from this settlement is shown to be worth $59,000 on her financial affidavit. Her total net weekly income is $206 with total expenses of $688 for a net shortfall of $482.
The defendant had been earning between $35,000 and $40,000 annually CT Page 9091 working as a practical nurse in a convalescent home in Derby, and worked throughout the marriage. She is still recuperating from the injuries sustained in the automobile accident and remains under the care of Dr. Joel S. Zaretsky. In his medical report, he stated that she is totally disabled and still suffering from the serious injuries she sustained in the automobile accident. (Defendant's Exhibit L).
The court believed the plaintiff, without telling the defendant, filed an affidavit with his employer on July 13, 2001, that the parties were no longer living together, whereby the defendant's health insurance was terminated as of December 26, 2001. (See Defendant's Exhibits A B). The court finds she is presently without any health insurance.
The defendant's attorney submitted proposed written orders, and the plaintiff's attorney orally stated his proposed orders. They primarily disagree on the disposition of the marital home and as to the issue of alimony.
The court has considered these proposed orders, the testimony of the parties, reviewed the statutory criteria in § 46b-81, (the assignment of property) § 46b-82 (the alimony statute) and § 46b-62 of the Connecticut General Statutes (the payment of attorney's fees), the case law, and the exhibits entered into evidence and issues the following orders.
 ORDERS
1. Real Estate
The plaintiff (husband) shall quit claim and waive all his right, title and interest to the marital home, located at 12 Fiume Street, Oakville, Connecticut to the defendant (wife). The defendant agrees to hold the plaintiff harmless from any and all debts currently, or in the future, associated with the marital home, including mortgages, taxes and insurance.
The court finds the following facts relative to the real estate. The defendant received title pursuant to a prior divorce decree in 1985, some five years before this marriage. She initially provided a $5,000 down payment and contributed to the household expenses, including the mortgage. In July 1994, the defendant refinanced the mortgage of about $43,000 to $86,000 to construct an addition to the home, and at that time, conveyed a one-half interest to the plaintiff for no consideration. (Plaintiff's Exhibit G and K). The plaintiff contributed to some of the household expenses during the marriage but the defendant paid the mortgage, taxes, and most of the expenses relating to this home. CT Page 9092 The plaintiff's contributions were minimal. The court has considered all the criteria pursuant to § 46b-81 of the Connecticut General Statutes in ordering the marital home be quit claimed to the defendant. The division of marital assets must be fair and equitable and no one factor is controlling. Rubin v. Rubin, 204 Conn. 224, 228 (1987). Lopiano v.Lopiano, 247 Conn. 356, 374-375 (1998).
2. Alimony
The plaintiff husband shall pay to the defendant wife periodic alimony in the amount of $250 per week for a period of three (3) years or until the death of the defendant, the remarriage of the defendant or the defendant's cohabitation with an unrelated male pursuant to Connecticut General Statutes § 46b-81 (b)
The defendant presently is unable to work full-time because of serious injuries she sustained in an automobile accident. The court believes she needs three years of rehabilitative alimony to take educational courses and learn to use a computer and obtain other skills to enter the job market and obtain fulltime employment. Mongillo v. Mongillo,69 Conn. App. 472, 478-479 (2002).
An immediate wage withholding is entered.
3. Health Insurance
The plaintiff husband shall provide and pay for health insurance through COBRA for the statutory period of three years. If COBRA benefits are not available, he shall be responsible to pay for all of the cost of equivalent medical, dental, and prescription insurance coverage for the defendant wife for a three year period.
4. Life Insurance
The husband shall maintain a term life insurance policy in the amount of no less than $50,000 naming the wife as irrevocable beneficiary.
In the event that the husband is unable to obtain such insurance, he shall provide the maximum coverage available, provided that he shall not be required to pay in excess of $400 per year for such insurance.
5. Bank and Retirement Accounts
The parties shall retain the bank and retirement accounts listed on their respective financial affidavits. CT Page 9093
6. Debts
The parties shall be equally responsible for all debts listed on the defendant's financial affidavit.
7. Automobiles
The parties shall retain ownership in the automobiles they are presently driving and be responsible for any loan and other costs relative to these automobiles.
8. Attorney's Fees
The parties shall be responsible for their own attorney's fees.
9. Settlement claims
The defendant shall retain all of the $59,000 automobile settlement annuity from the Hartford Insurance Company.
The plaintiff shall retain all of his interest in any workers' compensation claim.
 ROMEO G. PETRONI Judge Trial Referee