ELIZABETH M. HAMMICK *v.* JAMES T. HAMMICK
(AC 21354)

Lavery, C. J., and Mihalakos and Daly, Js.

Argued May 8—officially released August 20, 2002

*Elizabeth M. Hammick,* pro se, the appellant (plaintiff).

*P. Jo Anne Burgh,* for the appellee (defendant).

*Debra C. Ruel,* for the minor child.

*Opinion*

LAVERY, C. J. The plaintiff, Elizabeth M. Hammick, appeals from the judgment of the trial court dissolving her marriage to the defendant, James T. Hammick. The plaintiff claims that the court improperly (1) denied her motion for a continuance without regard to her medical condition, (2) allowed her attorney, Mark H. Swerdloff, to continue representing her after he had filed a motion to withdraw at the beginning of the trial, (3) found facts, and (4) issued orders favorable to the defendant regarding custody, child support and division of assets, as well as ordered payment to experts out of the proceeds from the sale of marital assets.[1] We affirm the judgment of the trial court.

---

[1] The plaintiff's appellate brief contains the following statement of the issues: "1. The trial court incorrectly refused to grant rescheduling of the court trial two times due to the physical condition of the plaintiff due to a physical assault by the defendant . . . 2. The trial court erred in allowing the plaintiff's legal representation to represent her interests in this case during the trial . . . 3. Was the trial court correct in its custody decision regarding the minor child? 4. Was the trial court correct in its decision to restrict visitation and contact as well as telephone restrictions on the plaintiff and other relatives and friends? 5. Was the trial court correct in its credibility assessment of Dr. Kenneth S. Robson, Mr. John J. Bell, Dr. Patricia Christiana and reports generated by them? 6. Was the trial court correct in its decision

The court found the following facts that are relevant to the plaintiff's appeal. The plaintiff and the defendant were married on March 28, 1992. On November 4, 1995, one minor child was born of the marriage. On March 4, 1999, the plaintiff filed an action seeking a dissolution of the marriage, custody of the minor child, child support, equitable property division and other appropriate relief. On October 2, 2000, her attorney filed a motion for a continuance of the trial, which the court, *T. Sullivan, J.,* denied. On October 11, 2000, the trial began as scheduled; however, the plaintiff was not present. On October 13, 2000, the three day trial concluded, and the court, *Steinberg, J.,* rendered an oral decision. The plaintiff thereafter appealed to this court. Additional facts will be provided as necessary.

I

The central issue in the plaintiff's appeal involves her claim that court improperly denied her motion for a continuance. The plaintiff also argues that as a result, the court improperly proceeded with the trial as scheduled.

At the time of trial, in October, 2000, the plaintiff was pregnant and due to deliver a child in late December. Steve Pastula, the plaintiff's live-in companion, testified at trial that he was the father of that child. The motion

to impose restrictions on the maternal grandparents? 7. Was the trial court correct in its decisions on financial matters . . . ? 8. Was the trial court correct in its statement of: Plaintiff defied court orders to appear for a deposition? 9. Was the trial court correct in its decisions of property transfer and time allotted to vacate? 10. Was the trial court correct in its decisions of child support? 11. Was the trial court correct in its decision to pay Dr. Christiana $187.50 each? 12. Was the trial court correct in its decision to pay $15,000 toward the attorney's fees due to attorney Kim L. Duell from the plaintiff's share of the proceeds from the sale of the home? 13. Was the trial court correct in its statement on witness credibility? [and] 14. The trial court did not address pertinent issues to the outcome of this case." We decline to consider claims four and six because this court dismissed them on July 11, 2001.

for the continuance stated in relevant part that "[t]he plaintiff . . . requests that the trial . . . be postponed until after the birth of her child. The plaintiff . . . believes that the stress of this case and the physical harm to her body cannot be tolerated." The plaintiff now argues before this court that the "trial court incorrectly refused to grant rescheduling of the court trial two times due to the physical condition of the plaintiff due to a physical assault by the defendant" on September 24, 1999. We disagree.

"A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion." *Vossbrinck* v. *Vossbrinck*, 194 Conn. 229, 232, 478 A.2d 1011 (1984), cert. denied, 471 U.S. 1020, 105 S. Ct. 2048, 85 L. Ed. 2d 311 (1985). In our review of whether the motion for a continuance properly was denied, "[e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 538, 429 A.2d 801 (1980). Consideration will be given only to those reasons presented to the court at the time that the court denied the continuance. *State* v. *McKnight*, 191 Conn. 564, 576, 469 A.2d 397 (1983); *Hill* v. *Hill*, 35 Conn. App. 160, 164, 644 A.2d 951, cert. denied, 231 Conn. 914, 648 A.2d 153, cert. denied, 513 U.S. 1059, 115 S. Ct. 669, 130 L. Ed. 2d 603 (1994).

The plaintiff maintains that she had medical appointments scheduled on the first two days of trial, October 11 and 12, 2000. No such representations, however, were made to the court on October 2, 2000, the day on which the continuance was considered and denied. The plaintiff also did not alert the court to the alleged assault. The plaintiff's motion simply stated that the "plaintiff . . . believes that the stress of this case and the physical harm to her body cannot be tolerated." The court will not speculate about future events when

considering a motion for a continuance. See *McDuffee* v. *McDuffee*, 39 Conn. App. 412, 417, 664 A.2d 1164 (1995). The fact that the plaintiff now is willing to present documents substantiating her medical appointments is not relevant to our review of the facts before the court on the day that the motion was denied. See *Hill* v. *Hill*, supra, 35 Conn. App. 166–67.

The plaintiff acknowledged at oral argument that she was aware of the scheduled medical appointments at least one to two days prior to the start of trial and made no attempt to notify the court. Furthermore, in its oral decision, the court stated that the "behavior of plaintiff mother to have been deliberately designed to artificially extend the legal process, [and] prolong the resolution of the issues . . . ." The court found that the "plaintiff mother repeatedly evidenced irresponsibility . . . refused to cooperate with her own attorney . . . refused to cooperate with experts appointed by the court and, though repeatedly advised of the date of this hearing, repeatedly, repeatedly failed to appear, creating a most difficult problem for the court . . . ."

Swerdloff and Pastula stated at the trial that the plaintiff was aware of the trial date, they expected her to be present and did not know where she was. Moreover, Swerdloff represented to the court that on October 2, 2000, when the motion was denied, the plaintiff understood that the trial was going to proceed as scheduled on October 11, 2000. On the basis of the record, the court properly denied the motion for a continuance and proceeded with the trial. The plaintiff must "shoulder the culpability of her own actions"; id., 168; because she was fully aware that the trial would commence on October 11, 2000, and she was not present. We conclude that the court did not abuse its discretion.

II

The plaintiff next claims that the court improperly allowed her attorney to continue to represent her after

he had filed a motion to withdraw at the beginning of the trial. Specifically, she argues that it was improper for him to continue to represent her because there had been no communication between her and her attorney from October 2, 2000, to the start of the trial. The plaintiff insists, therefore, that her attorney could not have adequately prepared and, as a result, her interests were not adequately protected. We are not persuaded.

Swerdloff filed the motion to withdraw on October 11, 2000, the day that the trial commenced. The court considered the motion and suspended its consideration. The court subsequently granted Swerdloff's motion on October 13, 2000, after the trial's conclusion.

Rule 1.16 (b) of the Rules of Professional Conduct allows an attorney to withdraw from a case with the court's permission. An attorney, however, must demonstrate good cause for the request and notice to the party. *Cascella* v. *Jay James Camera Shop, Inc.*, 147 Conn. 337, 340, 160 A.2d 899 (1960). It is within the court's sound discretion whether to grant or deny the motion. See id.; see also *Matza* v. *Matza*, 226 Conn. 166, 184, 627 A.2d 414 (1993).

The court, in exercising its broad discretion, properly suspended consideration of the motion for withdrawal. We conclude that the court took extra caution to make certain that the plaintiff's interests were adequately represented and protected. The court found that her attorney actively represented the plaintiff throughout the trial, stating that "[t]he court wishes to express its appreciation to attorney Mark Swerdloff, who, though he received no cooperation from his own client, participated in this lengthy hearing on her behalf, skillfully protected her interests, and effectively urged judicial moderation when entering property, financial and child orders. . . . The plaintiff may be unaware of his efforts

on her behalf, but the court acknowledges his meaningful and effective participation . . . ." We conclude that the court's denial of the motion to withdraw was not improper, but well within the court's discretion.

## III

Next, the plaintiff contends that the court made improper findings of fact during the trial.[2] Specifically, she claims that the court improperly found credible the reports generated by Kenneth S. Robson, a court-appointed psychiatrist, John J. Bell, a family relations counselor, and Patricia Christiana, a court-appointed child evaluator. We disagree.

The standard of review in a domestic relations case is well established. "We have long held that a finding of fact is reversed only when it is clearly erroneous. . . . A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *Mongillo* v. *Mongillo*, 69 Conn. App. 472, 476, 794 A.2d 1054 (2002); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 35, pp. 154, 161.

---

[2] At this point, we evaluate the plaintiff's fifth claim in her statement of issues, which challenges the court's credibility assessment of a court-appointed psychiatrist, Kenneth S. Robson, a family relations counselor, John J. Bell, and a court-appointed child evaluator, Patricia Christiana, as well as the reports generated by those experts. We decline to review claims eight and fourteen in the plaintiff's statement of issues because she provides inadequate briefing and analysis of the legal claims involved. See *Strobel* v. *Strobel*, 64 Conn. App. 614, 623, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

Our review of the record discloses the following facts. The court found the defendant credible on the basis of his in-court testimony. Likewise, the court found the reports and recommendations of three experts, Robson, Christiana and Bell, credible and of great assistance. In addition, the court found the plaintiff to be the cause of the marital breakdown and entered a finding of fault. The court also found the plaintiff's behavior to be detrimental to the best interest of the minor child. The plaintiff does not cite to any evidence in the record as to why the court should have not found those reports credible, and the plaintiff's own version of the facts will not be substituted for the court's finding. There was substantial evidence and testimony presented in the record from which the court could find those witnesses and their reports credible. It was well within the discretion of the court to weigh the reports and to pass on their credibility. We therefore conclude that the court did not abuse its discretion.

## IV

We last address the plaintiff's challenges to the court's judgment and orders. Specifically, she contends that the court improperly awarded custody of the minor child to the defendant, improperly rendered child support decisions, and improperly distributed assets and ordered payment for services out of the sale of marital assets.[3]

In a dissolution action, the court has broad discretion when dividing property, and we review its property division under an abuse of discretion standard. *Rostain* v. *Rostain*, 213 Conn. 686, 689, 569 A.2d 1126 (1990). On the basis of our review of the record, we conclude that the court based its judgment and orders on the evidence presented at trial and, accordingly, issued

---

[3] We now address the plaintiff's remaining claims, numbers three, seven, nine, ten, eleven and twelve in her statement of issues.

orders consistent with its findings. In addition, because the plaintiff has provided this court with no analysis of her claims, we decline to review them further. See *Strobel* v. *Strobel*, 64 Conn. App. 614, 623, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

The judgment is affirmed.

In this opinion the other judges concurred.